FILED 2018 FEB 28 PM 3:31
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA CASTRO,

    Plaintiff,

vs.                                    CASE NO.: 6:18-CV-296-ORL-28-DCI

FUTURE ELECTRONICS CORP., a
Foreign for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDA CASTRO ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, FUTURE ELECTRONICS CORP., ("Defendant") and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA") and the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 626 *et seq.* to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Defendant, FUTURE ELECTRONICS CORP. (Defendant or "FEC") is a foreign corporation, licensed and authorized to conduct business in the State of Florida. At all material times hereto, Defendant maintained an office in Seminole County, Florida.

2. Plaintiff is an adult individual who resides in Volusia County, Florida.

3. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII and the ADEA. An express grant of federal court jurisdiction over this federal claims is found in Title VII at 42 U.S.C. §2000e-5(f)(3) and in the ADEA 29 U.S.C. §626. Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction 28 U.S.C. § 1367.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Seminole County, Florida.

6. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Seminole County, Florida.

7. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 14, 2017 and was issued a right-to-sue letter by the EEOC on December 8, 2017. Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant as a Strategic Account Manager on or about July 8, 2014.

9. Defendant claims that it is a worldwide leader in electronic components distribution.

10. While employed by Defendant Plaintiff developed relationships with customer accounts, managed territories, generated sales and generally designed sales programs to meet the clients operational needs.

11. On or about July 1, 2016 Plaintiff started to report to a new manager, Daniel Siple.

12. From the beginning of Mr. Siple's hire he made it clear that he was going to "clean house" and hire a younger sales force.

13. Mr. Siple also displayed a negative attitude towards women. Specifically his relationships with women were negative, often yelling and degrading them, while maintaining jovial and good-humored relationships with his male employees.

14. Plaintiff brought her concerns regarding Mr. Siple's ageist and gender discriminatory comments and behavior towards women to the Regional Vice President, Larry Gammage, on several different occasions.

15. Originally Mr. Gammage stated he would speak to Mr. Siple but when the discriminatory conduct continued Mr. Gammage said he would not get involved.

16. After Mr. Gammage's failure to act, Plaintiff brought her complaints to a different Regional Vice President, Stephen Haust, and notified him with her concerns. Specifically Plaintiff informed Mr. Haust of Mr. Siple's conduct and that she felt her job was threatened.

17. Plaintiff was hopeful that Mr. Haust would assist her but she had her concerns as she had heard Mr. Haust make several sexually related comments towards FEC's customers. Specifically on one occasion Mr. Haust stated that he'd liked to "fuck" a customer agent, Mahan Rose, who worked for MC Assembly – one of Defendant's clients.

18. Plaintiff's concerns were realized when Mr. Haust never replied to Plaintiff.

19. After her complaint to Mr. Haust ,Mr. Siple told his subordinates that in the future, no matter what the circumstances, they were we not to elevate any issue to Mr. Haust.

20. After her complaints had gone ignored she learned that Mr. Siple had made contact with many of her client accounts. She was never made aware of these contacts by Mr. Siple – she only learned of them when her clients told her.

21. Mr. Siple had arranged meetings with her clients, including golf outings, and would invite younger male employees, each who were employed in similar positions as Plaintiff. Plaintiff was not invited.

22. Plaintiff confronted Mr. Siple and informed him that she had become aware of his interference with her accounts and that it was negatively impacting her relationship with those clients and had negatively impacted her income.

23. Mr. Siple stated that he was "networking" the younger male employees and that he [Daniel] could do anything he wanted and there was nothing Plaintiff could do about it - except quit. Mr. Siple further stated that he could replace Plaintiff "in 20 mins" with a younger male Account Manager.

24. Plaintiff elevated the ongoing threats and harassment to Donna Weir in Human Resources.

25. Donna was provided with the e-mails that Plaintiff had sent to Mr. Haust, Mr. Gammage and Mr. Siple concerning the retaliatory and discriminatory treatment by Mr. Siple.

26. Ms. Weir agreed to schedule a call with Plaintiff, Mr. Haust, Mr. Gammage and Mr. Siple to discuss her concerns.

27. Mr. Haust declined to attend.

28. Nothing was accomplished and/or corrected on the call. Despite that human resources stated that they considered the issue addressed and closed.

29. Plaintiff told Ms. Weir that she did not believe there had been any type of resolution and requested that her personnel file reflect her opinion.

30. On or about May 22, 2017 Plaintiff was terminated and was told it was due to corporate downsizing.

31. Younger male employees were not terminated.

## COUNT I
## DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

32. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

33. Plaintiff's sex/gender was a motivating factor in Defendant's providing opportunities to male employees which were not provided to her.

34. Plaintiff's sex/gender was a motivating factor in Defendant's taking negative actions against her assigned accounts which directly impacted her income.

35. Plaintiff's sex/gender was a motivating factor in Defendant's decision to terminate her employment.

36. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON SEX IN VIOLATION OF THE FCRA

37. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

38. Plaintiff's sex/gender was a motivating factor in Defendant's providing opportunities to male employees which were not provided to her.

39. Plaintiff's sex/gender was a motivating factor in Defendant's taking negative actions against her assigned accounts which directly impacted her income.

40. Plaintiff's sex/gender was a motivating factor in Defendant's decision to terminate her employment.

41. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT III
### RETALIATION IN VIOLATION OF TITLE VII

42. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

43. Plaintiff is a member of a protected class under Title VII because she engaged in protective activities which directly led to her loss of income and eventually her termination.

44. Plaintiff engaged in protected activity when she complained to Mr. Siple, Mr. Gamamge, Mr. Haust and Ms. Weir about Mr. Siple's discriminatory and retaliatory conduct.

45. By the conduct described above, Defendant was treated differently than her co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of Title VII.

46. Defendant knew, or should have known, of the retaliation and discrimination.

47. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FCRA

48. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

49. Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities which directly led to her loss of income and eventually her termination.

50. Plaintiff engaged in protected activity when she complained to Mr. Siple, Mr. Gamamge, Mr. Haust and Ms. Weir about Mr. Siple's discriminatory and retaliatory conduct.

51. By the conduct described above, Defendant was treated differently than her co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

52. Defendant knew, or should have known, of the retaliation and discrimination.

53. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT V
### DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

54. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

55. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the ADEA.

56. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

57. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f. Prejudgment interest;

 g. Costs and attorney's fees; and

 h. Such other relief as the Court may deem just and proper.

## COUNT VI
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE FCRA

58. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

59. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under the FCRA.

60. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her age.

61. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state laws. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits and/or lost earning capacity;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT VII
### RETALIATION IN VIOLATION OF ADEA

62. Plaintiff re-alleges and adopts paragraph 1 – 31 as though set forth fully herein.

63. Plaintiff is a member of a protected class under the ADEA because she engaged in protective activities which directly led to her loss of income and eventually her termination.

64. Plaintiff engaged in protected activity when she complained to Mr. Siple, Mr. Gamamge, Mr. Haust and Ms. Weir about Mr. Siple's discriminatory and retaliatory conduct.

65. By the conduct described above, Defendant was treated differently than her co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the ADEA.

66. Defendant knew, or should have known, of the retaliation and discrimination.

67. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights..

**WHEREFORE**, Plaintiff Linda Castro prays for a trial by jury and all legal and equitable relief allowed by law including:

    i. Back pay and benefits;

    j. Interest on back pay and benefits;

    k. Front pay and benefits and/or lost earning capacity;

    l. Compensatory damages for emotional pain and suffering;

    m. Injunctive relief;

    n. Prejudgment interest;

    o. Costs and attorney's fees; and

p. Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend her Complaint to seek punitive damages against Defendants</u>**

DATED this 28th day of February 2018.

           **MORGAN & MORGAN, P.A.**

           <u>/s/ James J. Henson</u>
           JAMES J. HENSON, ESQ.
           Fla. Bar No. 0077476
           Morgan & Morgan, P.A.
           20 North Orange Avenue, 14th Floor
           P.O. Box 4979
           Orlando, FL 32802-4979
           Tel.: (407) 428-6241
           Fax: (407) 245-3342
           Email: <u>jjhenson@forthepeople.com</u>
           <u>Attorney for Plaintiff</u>